IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CR-398-1H

UNITED STATES OF AMERICA,          )
                                   )
                                   )
                                   )
        v.                         )
                                   )          **ORDER**
                                   )
ROBERT EDMOND, JR.                 )
                                   )
        Defendant.                 )
                                   )

This matter is before the court on defendant's motion for compassionate release [DE #42]. Defendant, through counsel, has filed a memorandum and a sealed exhibit in support of his motion [DE #45, #46]. The government has responded in opposition [DE #49]. The government also filed a Notice of Subsequently Decided Authority [DE #50]. This matter is ripe for adjudication.

## BACKGROUND

Defendant, who is 46 years old, moves for compassionate release based on the COVID-19 pandemic, his underlying health conditions, and the fact that his elderly mother is ill and can no longer care for his children.

On February 5, 2018, defendant pled guilty to possession of a firearm in furtherance of drug trafficking in violation of 18

U.S.C. § 924(c)(1)(a)(i) (Count Two).  On June 13, 2018, this court sentenced defendant to a total term of 60 months' imprisonment to be followed by five years of supervised release. Defendant is currently serving his sentence at FCI Butner Medium with a projected release date of February 28, 2022.

## COURT'S DISCUSSION

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1)  in any case—

(A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)   extraordinary and compelling reasons warrant such a reduction. . .

---

[1]The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement

applicable to motions filed by defendants under this statute.

United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s

a result, district courts are 'empowered. . . to consider *any*

extraordinary and compelling reason for release that a defendant

might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the

court must also consider the applicable § 3553(a) factors. 18

U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal
> history and characteristics; (2) his sentence relative
> to the nature and seriousness of his offense; (3) the
> need for a sentence to provide just punishment, promote
> respect for the law, reflect the seriousness of the
> offense, deter crime, and protect the public; (4) the
> need for rehabilitative services; (5) the applicable
> guideline sentence; and (6) the need to avoid
> unwarranted sentencing disparities among similarly-
> situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2

(D. Md. July 28, 2020) (alteration in original) (citation omitted).

The court will also consider post-sentencing conduct, including

evidence of rehabilitation. United States v. Nabaya, 2021 WL

54361, at * 3 (E.D.Va. Jan. 6, 2021).

The government notes that defendant submitted his

compassionate release request to an email box that was not monitored. Counsel for the government requested that defendant's compassionate release request be routed to the appropriate BOP official for a decision. As of the date of the government's response (1/6/21), BOP had not issued a decision. This court has not been informed of any subsequent decision by BOP. The court can consider defendant's motion because it has been more than 30 days since the request was rerouted. See 18 U.S.C. § 3582(c)(1)(A).

The government concedes that defendant suffers from hypertension, which the CDC lists as a risk factor as heightening the risk of severe illness were the inmate to contract COVID-19. Additionally, defendant was in a house fire several years ago and has some apparent lung damage from the event. However, the government argues that defendant has not shown extraordinary and compelling reasons and that even if he has, the 3553(a) factors weigh against his release.

In addition to COVID-19 and the underlying pandemic, defendant informs the court that his mother has recently been hospitalized. She is suffering from congestive heart failure, her heart is working at 20 percent capacity, and she has high blood pressure causing blood clots and poor circulation. Additionally, in late 2020, doctors began requiring her to wear a cardiac life vest. Because of these medical setbacks, she is no longer able to

4

care for defendant's two minor children.  His mother has been the primary caregiver for his two minor sons while he has been incarcerated.  Because of her medical conditions, the children have been uprooted again and are currently living with an aunt.

The government downplays this matter, contending that defendant should have thought about his children while he was dealing drugs.  While the court does not disagree, the government fails to acknowledge that the "incapacitation of the caregiver of the defendant's minor child or minor children" is specifically listed as an "extraordinary and compelling reason" for compassionate release in the Guidelines promulgated by the Sentencing Commission regarding compassionate release motions brought by the Bureau of Prisons.  U.S.S.G. § 1B1.13 app. n. 1(C)(i).

The court need not decide whether any of these factors—his medical conditions, the COVID-19 pandemic, or his mother's incapacitation as caregiver, standing alone, would constitute extraordinary and compelling circumstances. Considering the unique combination of circumstances for this particular defendant, the court finds that he has shown extraordinary and compelling reasons for compassionate release.  The court now considers the 3553(a) factors as well as defendant's post sentencing conduct.

Turning to the 3553(a) factors, the government argues defendant would pose a danger to public safety if released as he

is accountable for possessing a stolen firearm in connection with drug trafficking.  He also has prior drug-related offenses and a history of violating the terms of his probation.

However, the court believes the government overstates his criminal history.  He indeed has several convictions on his record, however, he was only a criminal history category I at sentencing. The court does not negate the seriousness of his crime, but his sentence was driven not by his criminal history but by the statutory minimum.  Further, defendant has never served a significant amount of time in prison.  He has now been in custody continually since the end of 2017.  He has been taking classes at Butner Medium since his arrival.  He has had no disciplinary incidents.  He does not have a history of violent behavior.  With a projected release date of February 28, 2022, the defendant has served a large majority of his sentence.  Further, defendant plans to live with his elderly mother upon release, providing care for her as well as his children.  He also has employment lined up if he is released with Russell Roadside Assistance.  Additionally, he has family support which will provide him needed structure and accountability, as evidenced by the well-written letters received in connection with this motion.

The court must consider the whole person and all the circumstances.  Given all the circumstances here, a sentence of time served is sufficient, but not greater than necessary, to meet

the goals of sentencing.

The court finds that defendant has exhausted his administrative remedies, has presented extraordinary and compelling reasons justifying his release, and that the 3553(a) factors and his post sentencing conduct weigh in favor of release. In conclusion, the court finds that when the record in this matter is viewed as a whole, Mr. Edmond has met his burden for compassionate release under 18 U.S.C. § 3582.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendant's motion for compassionate release is GRANTED. Defendant's sentence of imprisonment as reflected in the judgment dated June 13, 2018, is REDUCED to time served. All other provisions of the judgment shall remain in effect. The BOP may delay defendant's compassionate release up to 14 days for quarantine purposes.

This 1st day of April 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

7

8

Case 5:17-cr-00398-H   Document 51   Filed 04/01/21   Page 8 of 8